UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:10CV02218 SNLJ |
| | ) | |
| $237,920.00 U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION TO STRIKE CLAIM
AND MEMORANDUM IN SUPPORT**

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Julia M. Wright, Assistant United States Attorney for said district, and for its Motion to Strike Claim pursuant to Rule G(8)(c), states as follows.

**PROCEDURAL BACKGROUND**

1.  On November 11, 2010, the Government filed a Verified Complaint of Forfeiture against the defendant $237,920.00 in U.S. Currency. (Doc. 1.)  On January 14, 2011, New Millenium Wheels, LLC, (claimant), filed its Verified Claim. (Doc.8) On February 4, 2011. claimant filed its Answer. (Doc. 9)

2.  On February 14, 2011, the Government sent its first set of Special Interrogatories to claimant, pursuant to Rule G(6) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. (Attached as Ex. 1.)  A letter accompanying the Special Interrogatories stated that claimant had 21 days from service in which to respond. (Attached as Ex. 2.)  To date, no response to the Special Interrogatories have been received from claimant.

1

3. Since the response deadline, the Government has inquired with claimant's attorneys as to when the responses would be forthcoming. After service of the Special Interrogatories, claimant's counsel requested an extension until March 21, 2011, in which to send claimant's responses. The government agreed to the extension. On March 28, 2011, the Government again inquired as to the anticipated date of receipt of claimant's responses to the Special Interrogatories. Claimant's attorney stated the responses should be expected in one week. On April 6, 2011, claimant's attorney stated that claimant was still working on the responses. On June 6, 2011, Plaintiff emailed the claimant through its attorney again inquiring when to expect claimant's responses to Plaintiff's First Set of Special Interrogatories, and requested to meet and confer to resolve the discovery issues. To date, the requested discovery has not been received.

4. On June 7, 2011, Plaintiff filed its Motion to Compel Discovery. (Doc. 15). On June 17, 2011 this honorable Court filed its Order granting Plaintiff's Motion to Compel and giving claimant until July 1, 2011 to respond, fully and completely, to all outstanding discovery and stating no extensions of time shall be granted except for good cause shown. (Doc. 16). To date, claimant has not complied with this Court's Order.

## ARGUMENT

4. The passage of the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) and the subsequent promulgation of Supplemental Rule G that became effective on December 1, 2006 was an important change in forfeiture law. Supplemental Rule G was enacted to supplant the previously applicable Supplemental Rules C and E. *See* Fed. R. Civ. P. Supp. R. G(1).

5. Specifically, Supplemental Rule G(5) increased the prior requirements under previously applicable Supplemental Rule C(6), and Supplemental Rule G(6), a new critical component, was created to allow the government to propound special interrogatories designed to inquire into the

identity of the claimant and his relationship to the defendant property.  Supplemental Rule G(8) was also added as the enforcement mechanism for compliance with Supplemental Rule G(5) and G(6).  Failure to strictly comply with Supplemental Rule G, whether G(5) or G(6), deprives the claimant of statutory standing.  *See United States v. 2007 Mack 600 Dump Truck*, __ F. Supp. 2d __, 2010 WL 199607 at *4 (E.D. Mich. Jan. 20, 2010) ("[S]tatutory standing is established through strict compliance with Supplemental Rule G(5) and G(6)."); *United States v. All Assets Held at Julius Baer & Co.,* __ F. Supp.2d __, 2009 WL 3358965 at *3, *5 and *7 (D.D.C. October 20, 2009) ("[C]laimant must do more than merely *assert* an interest; she or he bears the burden of proving its existence by a preponderance of the evidence." (emphasis in original)); *United States v. Beechcraft Queen Airplane,* 789 F.2d 627, 630 (8th Cir. 1986) (indicating that courts should require "strict compliance with Rule C(6)").

    6.  Rule G(6) provides that "[t]he government may serve special interrogatories limited to claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed."  Rule G(6)(b) provides that "answers or objections to these interrogatories must be served within 21 days after the interrogatories are served." Here, the Government made sure that claimant was aware of the 21 day deadline by referencing the deadline in the letter sent with the Special Interrogatories. (*See* Ex. 2.)  To date, the Government has not received claimant's answers to the Special Interrogatories and the twenty-one days have lapsed.  Therefore, the United States may move to strike the claim for failing to comply with Rule G(6).  *See United States v. $4,002 in U.S. Currency,* 2011 WL 24621108 (D.Md. June 16, 2011) (striking claim because claimant did not respond to the Special Interrogatories and more than 21 days had passed since the Government served the Special Interrogatories on claimant).

7. Rule G(8)(c)(i)(A) provides that "at any time before trial, the government may move to strike a claim or answer for failing to comply with . . . Rule G(6)," and courts have imposed that sanction. *See United States v. $85,000 in U.S. Currency*, 2011 WL 1063295 (D. Md. March 21, 2011) (striking claim for failure to answer Special Interrogatories);*United States v. $27,970.00 in U.S. Currency,* 2010 WL 933762 (S.D. Ga. March 16, 2010) (striking the claim and answer for failing to respond to the government's Special Interrogatories).  In order to stand before a court and contest a forfeiture, a claimant must meet both Article III standing and statutory standing requirements.  *United States v. $487,825.00 in U.S. Currency,* 484 F.3d 662, 664 (3d Cir. 2007); *see also United States v. $39,557.00, more or less, in U.S. Currency*, __ F. Supp. 2d __, 2010 WL 475279 at *3–4, 8 (D.N.J. Feb. 9, 2010) (holding that a claimant's failure to strictly comply with Supplemental Rule G(5) or G(6) deprives the claimant of statutory standing).

8. By failing to respond to Government's Special Interrogatories, claimant has not complied with Rule G(6). Therefore, claimant does not have statutory standing to contest the forfeiture and its claim should be stricken pursuant to Rule G(8)(c).

WHEREFORE, for all of the foregoing reasons, the Government respectfully requests that this court grant Government's Motion to Strike Claim and an Order for Default be entered.

    Respectfully submitted,

    RICHARD G. CALLAHAN
    United States Attorney

    */s/Julia M. Wright*
    JULIA M. WRIGHT, 4450
    Assistant United States Attorney
    111 South Tenth Street, 20th Floor
    St. Louis, Missouri  63102
    (314) 539-2200

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 6, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Deirdre C. Gallagher
Attorney for claimant
FOLEY AND MANSFIELD
1001 Highlands Plaza Drive W.
Suite 400
St. Louis, Missouri 63110

*/s/ Julia M. Wright*
JULIA M. WRIGHT